UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ALPHONSE SMITH (#123368)**                                    CIVIL ACTION

**VERSUS**

**E.B.R.P. DEPT., ET AL.**                                      NO. 11-0135-JJB-CN

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, September 7, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ALPHONSE SMITH (#123368)**                                    **CIVIL ACTION**

**VERSUS**

**E.B.R.P. DEPT., ET AL.**                                      **NO. 11-0135-JJB-CN**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against 19th Judicial District Court Judge Michael R. Erwin, East Baton Rouge Parish District Attorney Hillar Moore, III, and the East Baton Rouge Parish Police Department ("investigating officers"), complaining that his constitutional rights were violated in 1987 and 1988, as a result of a "malicious prosecution", which resulted in his wrongful conviction and "false imprisonment".

Pursuant to 28 U.S.C. § 1915(e), the Court is authorized to dismiss an action or claim brought in forma pauperis if the Court determines that the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An action or claim is properly dismissed as frivolous if it lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A Court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. Denton, supra. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915 purposes. Id.; Ancar v. Sara Plasma, Inc., 964 F.2d 465 (5th Cir. 1992). Further, a § 1915(e) dismissal may be made at any time, before or after service of process and

before or after an answer is filed.  Cf., Green v. McKaskle, supra.

Applying the above standard to the plaintiff's Complaint, the Court concludes that the plaintiff's allegations fail to rise to the level of a constitutional violation.

In his Complaint, the plaintiff alleges that in 1987, unidentified investigating officers employed by the East Baton Rouge Parish Police Department engaged in wrongdoing in connection with a criminal investigation, including allegedly obtaining an illegal confession from the plaintiff's co-defendant, suppressing exculpatory evidence, and maintaining false evidence "without establishing a proper chain of custody." In addition, the plaintiff complains that defendant Hillar Moore commenced prosecution against the plaintiff based on insufficient evidence and an unconstitutionally obtained confession, failed to disclose exculpatory evidence, and "lacked subject matter jurisdiction to institute prosecution". Finally, the plaintiff complains that defendant Judge Erwin improperly "affirmed" the plaintiff's conviction and sentence in 1988, resulting in the plaintiff's "false imprisonment". In a supplemental "Petition" filed contemporaneously with his Complaint, the plaintiff complains of other instances of misconduct, including, inter alia, that he was provided with ineffective assistance of counsel at trial and on appeal and that he was denied the right to pursue an appeal or other collateral review. The plaintiff prays for a release from confinement and for monetary damages.[1]

First, with regard to the plaintiff's claims regarding improprieties occurring during his criminal proceedings, which allegedly led to his illegal conviction and confinement at LSP, these claims seek relief obtainable through an application for a writ of habeas corpus. This

---

[1] Although the plaintiff does not pray for monetary damages in his original Complaint, he does so in his supplemental "Petition" attached to the Complaint and filed contemporaneously therewith.

determination is made by focusing on the scope of relief actually sought by the petitioner. Serio v. Members of the Louisiana State Board of Pardons, 821 F.2d 1112 (5th Cir. 1987). In Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the United States Supreme Court held that a challenge by a prisoner to the fact or duration of his confinement and seeking immediate or earlier release from that confinement must be pursued through a habeas corpus proceeding rather than through an ordinary civil rights action. Accordingly, because the petitioner challenges his present confinement and seeks release from that confinement, this claim is subject to dismissal, without prejudice to the plaintiff's right to pursue habeas corpus relief.

Moreover, to the extent that the plaintiff's Complaint may be interpreted as seeking monetary relief or relief other than that obtainable through a writ of habeas corpus, this claim is barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). I Heck, the United States Supreme Court held that plaintiff's claim for monetary damages arising out of his alleged wrongful conviction and confinement was not cognizable under § 1983 because "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. In the present case, similarly, a resolution of the plaintiff's claim in his favor, i.e., a determination that he is entitled to monetary damages because the defendants engaged in wrongdoing which resulted in his illegal conviction and confinement, would necessarily imply that such conviction should be overturned and that such confinement should be terminated or curtailed. Since the plaintiff has failed to allege or even suggest that his conviction or sentence have been invalidated or called into question by a court of competent jurisdiction in a separate proceeding, the

plaintiff's claim falls squarely within the holding of Heck v. Humphrey. Accordingly, his cause of action under § 1983 attributable to his alleged unconstitutional conviction and confinement has not yet accrued. Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994) ("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post-Heck, because the plaintiff's action has been shown to be legally frivolous"). See also Stephenson v. Reno, 28 F.3d 26 (5th Cir. 1994); Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997). It is therefore appropriate that this aspect of the plaintiff's § 1983 claim be dismissed as well, with prejudice to re-assertion until the conditions set forth in Heck v. Humphrey are satisfied. See Perry v. Holmes, 152 Fed.Appx. 404 (5th Cir. 2005); Arvie v. Broussard, 42 F.3d 249 (5th Cir. 1994).[2]

Finally, and in the alternative, the plaintiff fails to state a claim under § 1983 against the defendants named in this proceeding. Initially, it appears that he has named the Baton Rouge City Police

---

[2] Further, the plaintiff has not adequately pled a claim of malicious prosecution in any event because a viable claim of "malicious prosecution" under § 1983 requires a showing that the prosecution has been terminated in the plaintiff's favor, see Brossette v. City of Baker, 117 Fed.Appx. 315 (5th Cir. 2004), and this requirement has not been satisfied in the instant case. Moreover, to the extent that the plaintiff seeks to assert a claim of "false imprisonment" under § 1983, this claim, to the extent that it may ever have been viable, accrued on the date that the plaintiff was brought before a state judge or commissioner after his arrest in 1987. As stated in Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), "false imprisonment consists of detention without legal process." As a result, "a false imprisonment ends once the victim becomes held pursuant to such process - when, for example, he is bound over by a magistrate or arraigned on charges." Id. (Emphasis in original). Accordingly, the plaintiff's claim for "false imprisonment" commenced upon his arrest in 1987 and ended when he was initially subjected to formal process, through presentation before a judge or commissioner for the purpose of appointing counsel and/or setting bail. Id. As a result, the one-year limitations period applicable to claims brought pursuant to § 1983 commenced at such time in 1987, and the plaintiff's claim for false imprisonment, asserted in 2011, is time-barred. See, e.g., Quatrevingt v. Thibodeaux, 2011 WL 2182104 (E.D. La. May 2, 2011) (holding that the plaintiff's claims for false imprisonment accrued "when the plaintiff became detained pursuant to legal process .... [and] [p]laintiff thereafter had only one year to bring his claims pursuant to 42 U.S.C. § 1983").

Department as a defendant herein. Under Rule 17(b) of the Federal Rules of Civil Procedure, the capacity of an entity such as a police department to sue or be sued is determined by the law of the state in which the district court sits. See, e.g., Darby v. Pasadena Police Dept., 939 F.2d 311 (5th Cir. 1991). Under Louisiana law, the "Baton Rouge City Police Department" has neither the capacity to sue nor the capacity to be sued. See Ruggiero v. Litchfield, 700 F.Supp. 863 (M.D. La. 1988). See also Francis v. Dupree, 2010 WL 5636213 (E.D. La., Dec. 9, 2010); Atkinson v. NOPD, 2007 WL 2137793 (E.D. La., July 23, 2007); Manley v. State of Louisiana, 2001 WL 506175 (E.D. La., May 11, 2001). Accordingly, the plaintiff's claim against the city police department must be dismissed due to the department's lack of legal capacity to be sued.

Further, to the extent that the plaintiff may seek to hold the City of Baton Rouge liable, through its police department, for his alleged wrongful prosecution in 1987, in order for there to be municipal liability under § 1983, the plaintiff must be able to show that there is a direct causal connection between a policy, practice or custom of the municipality and the constitutional violation sought to be redressed. City of Canton, Ohio v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). He must specifically identify the alleged policy, show a connection between the policy and the governmental entity itself, and show that his injuries were incurred because of the application of that specific policy. Bennett v. City of Slidell, 728 F.2d 762 (5th Cir. 1984), cert. denied, 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985). Proof of a single incident is ordinarily insufficient to hold a municipality liable for inadequate training or supervision. Gabriel v. City of Plano, 202 F.3d 741 (5th Cir. 2000).

In the instant case, the plaintiff has provided no allegation

whatever relative to any established policy or practice of the Baton Rouge City Police Department which may be seen to represent the custom or policy of the City of Baton Rouge. To the contrary, all that the plaintiff has offered is his conclusory assertion that unnamed investigatory police officers obtained an illegal confession from the plaintiff's co-defendant, withheld exculpatory evidence, and failed to maintain a proper chain of custody relative to evidence introduced against him. These conclusory assertions are insufficient to support a finding of municipal liability on the part of the City of Baton Rouge. Accordingly, the plaintiff's claim in this regard should be dismissed.

Turning to the plaintiff's claim asserted against Judge Michael Erwin, this claim is barred by the doctrine of absolute judicial immunity. While such immunity is a question of law to be determined upon the facts of each case, Brewer v. Blackwell, 692 F.2d 387 (5th Cir. 1982), it is clear that this immunity extends to claims arising from acts performed in the defendant's judicial role. The immunity shields a judge unless he or she acts in the clear absence of all jurisdiction over the subject matter or in a non-judicial capacity. See, e.g., Mireles v. Waco, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); Brewer v. Blackwell, supra. See also Ammons v. Baldwin, 705 F.2d 1445 (5th Cir. 1983), cert. denied, 465 U.S. 1006, 104 S.Ct. 999, 79 L.Ed.2d 232 (1984). Moreover, this immunity applies however erroneous the act and however evil the motive. Johnson v. Kegans, 870 F.2d 992 (5th Cir. 1989). Applying this test here, it is clear that the alleged act of Judge Erwin in "affirming" the conviction and sentence entered against the plaintiff was within the scope of the defendant's judicial authority. Therefore, defendant Erwin is shielded from the plaintiff's claims by absolute judicial immunity and is entitled to dismissal herein.

Finally, the plaintiff's claim asserted against District Attorney Hillar Moore is barred by the doctrine of absolute prosecutorial immunity. A district attorney is absolutely immune in a civil rights lawsuit for any action taken pursuant to his role as a prosecutor in preparing for the initiation of judicial proceedings or in presenting the State's case before the court. See Kalina v. Fletcher, 522 U.S. 118, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); Esteves v. Brock, 106 F.3d 674 (5th Cir.), cert. denied, 522 U.S. 828, 118 S.Ct. 91, 139 L.Ed2d 47 (1997). The courts employ a "functional" test to determine whether a prosecutor is entitled to absolute immunity, pursuant to which the courts look to the "nature of the function performed". Buckley v. Fitzsimmons, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). A prosecutor's immunity applies to his actions in initiating prosecution, in carrying the case through the judicial process, and to those actions which are "intimately associated with the judicial phase of the criminal process." Esteves v. Brock, supra, quoting Imbler v. Pachtman, supra. "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Labry v. Mamoulides, 248 F.3d 1142 (5th Cir. 2001), quoting Kerr v. Lyford, 171 F.3d 330 (5th Cir. 1999), abrogated on other grounds, Castellano v. Frazogo, 352 F.3d 330 (5th Cir. 2003), cert. denied, 543 U.S. 808, 125 S.Ct. 31, 160 L.Ed.2d 10 (2004). In the instant case, the plaintiff's claim against the district attorney is based on the defendant's conduct as the advocate for the State of Louisiana, and the defendant is therefore entitled to absolute prosecutorial immunity. See Imbler, supra; Cousin v. Small, 325 F.3d 627

(5th Cir. 2003), cert. denied, 540 U.S. 826, 124 S.Ct. 181, 157 L.Ed.2d 48 (2003). Although the plaintiff asserts that defendant Moore "lacked subject matter jurisdiction to institute prosecution," this contention is wholly conclusory, is not supported by any factual foundation, and has no discernable legal basis. Accordingly, the plaintiff's claim against defendant Hillar Moore must be dismissed because he seeks recovery from a defendant who is immune from such relief. See Delaney v. Ackal, 2009 WL 5195935 (W.D. La., Oct. 10, 2009).

## RECOMMENDATION

It is recommended that the plaintiff's claims be dismissed, with prejudice, pursuant to 28 U.S.C. § 1915(e), and that this action be dismissed.[3]

Signed in chambers in Baton Rouge, Louisiana, September 7, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[3] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."